# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| AZIELIS PHILIP HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  14 C 6027 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | Judge Jorge L. Alonso |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of defendants Wexford Health Sources, Inc. ("Wexford"),

Saleh Obaisi, Carla Greby, Catalino Bautista, and Imhotep Carter[1] to dismiss Counts IV and VI of

the amended complaint.  For the reasons explained below, the Court grants the motion in large part

and dismisses Counts IV and VI without prejudice and with leave to file a second amended

complaint to reassert those claims along with a physician's certificate of merit and accompanying

report as to each defendant.

Azielis Philip Harris filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that Wexford,

a private company that provides health-care services at the prisons where Harris is and was housed;

certain employees of Wexford; and certain Illinois prison officials were deliberately indifferent to

his serious medical needs by ignoring his multiple requests for, and failing to arrange, necessary

follow-up medical care.  Plaintiff also asserts a *Monell* claim against Wexford as well as state-law

negligence claims.

---

[1]On July 8, 2015, the Court granted Greby's motion [56] to join and adopt Wexford and
Obaisi's motion.  On October 8, 2015, the Court granted Bautista and Carter's motion [71] to join
and adopt Wexford and Obaisi's motion.

The complaint alleges the following facts. In June 2011, plaintiff was diagnosed with a form of cancer known as adenocystic carcinoma of the hard palate. (Am. Compl. ¶ 16.) He had surgery to remove the cancerous mass in October 2011 and radiation therapy that was completed in February 2012. (*Id.* ¶¶ 17-18.) At plaintiff's follow-up visit with his oncologist in March 2012, the oncologist recommended that plaintiff return for another follow-up visit in thirty to sixty days. (*Id.* ¶ 20.) Shortly thereafter, plaintiff was transferred from Stateville Correctional Center to Illinois River Correctional Center; then, within a matter of weeks or months, to Logan Correctional Center; then, in July 2012, to Sheridan Correctional Center. (*Id.* ¶¶ 23, 26, 29.) Plaintiff alleges that he informed officials and/or medical personnel at each institution about his need for follow-up care. (*Id.* ¶¶ 22, 24, 27, 30-37.) Despite plaintiff's requests, he was not seen again by his oncologist until February 4, 2013, nine to ten months after the time frame that the oncologist had recommended for the follow-up visit. (*Id.* ¶¶ 41, 43.) By this time, plaintiff had recently begun to experience swelling and pain in his hard palate, similar to what he had experienced at the time of his initial diagnosis in June 2011. (*Id.* ¶ 42.) At the February 4, 2013 appointment, plaintiff was told that his cancer had recurred and progressed extensively. An examination revealed that he had a cancerous mass, which completely filled the maxillary sinus and extended to the right orbit, on the right hard palate. (*Id.* ¶ 43.) On March 15, 2013, plaintiff had surgery to remove that mass. The surgery required the removal of most of his upper jaw due to the cancer's extensive progression. (*Id.* ¶ 44.) Since the surgery, plaintiff struggles with eating, drinking, and speaking, and he has continuous pain in his mouth, right jaw, and right ear and experiences occasional tinnitus and lightheadedness. (*Id.* ¶¶ 45-46.)

The moving defendants argue that because Counts IV and VI, plaintiff's negligence claims against Wexford and the medical defendants, are essentially medical malpractice claims, they should

be dismissed for failure to comply with 735 ILCS 5/2-622, the Illinois Healing Art Malpractice Act (the "Act"). (R. 33, Defs.' Mot. at 3-5.) Section 2-622 provides in relevant part that "[i]n any action, whether in tort, contract, or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice,"[2] the plaintiff shall file a certificate of merit and accompanying health professional's report affirming that there is a "reasonable and meritorious cause for the filing of [the] action." 735 ILCS 5/2-622(a). Under Illinois law, dismissal is mandatory if a plaintiff does not satisfy § 2-622's filing requirement, 735 ILCS 5/2-622(g), but courts have discretion to dismiss with or without leave to amend, *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) (citing *McCastle v. Sheinkop*, 520 N.E.2d 293, 296 (Ill. 1987)).

Plaintiff argues in response that § 2-622 does not apply here because he does not assert a medical malpractice claim, but rather a claim for ordinary negligence. (R. 50, Pl.'s Resp. at 2-6.) Even if a complaint does not state a medical malpractice claim on its face, it "may nonetheless come within the ambit of the [Act] if it sounds in malpractice." *Warren ex rel. Warren v. Dart*, No. 09 C 3512, 2010 WL 4883923, at *11 (N.D. Ill. Nov. 24, 2010) (citing *Bommersbach v. Ruiz*, 461 F. Supp. 2d 743, 748-49 (S.D. Ill. 2006)). Plaintiff and the moving defendants agree that in determining whether a complaint is one for malpractice requiring a § 2-622 filing, the Court

---

[2]"[T]he term 'medical, hospital or other healing art malpractice' must be construed broadly." *Jackson v. Chi. Classic Janitorial & Cleaning Serv., Inc.*, 823 N.E.2d 1055, 1058 (Ill. App. Ct. 2005). "Although section 2–622 does not define the phrase 'healing art malpractice,' Illinois courts have considered the scope and meaning of that phrase." *Id.* at 1059. "[T]he phrase 'healing art' . . . encompass[es] an entire branch of learning dealing with the restoration of physical or mental health." *Id.* (internal quotation marks omitted). "'Malpractice' is defined as incorrect or negligent treatment of the patient by a person responsible for his health care. It is also defined as a dereliction from a professional duty or a failure to exercise an adequate degree of care in rendering service." *Id.* (citations omitted).

considers (1) whether the applicable standard of care involved procedures not within the grasp of the ordinary lay juror; (2) whether the activity alleged was inherently one involving medical judgment; and (3) the type of evidence necessary to establish plaintiff's claim. *Jackson v. Chi. Classic Janitorial & Cleaning Serv., Inc.*, 823 N.E.2d 1055, 1059-61 (Ill. App. Ct. 2005).

After reviewing the amended complaint and the parties' briefs, the Court concludes that plaintiff must satisfy the requirements of § 2-622. Plaintiff's arguments to the contrary are unpersuasive. Counts IV and VI allege that the moving defendants (Wexford and its physician employees) were negligent in failing to schedule and provide the necessary follow-up care that plaintiff's oncologist had recommended and plaintiff had repeatedly requested, and that defendants were aware of the recommendation. The Court agrees with the moving defendants that the determination of whether the defendants' conduct was negligent is not within the grasp of the ordinary lay juror and requires application of medical knowledge. The second factor has also been met. The physicians' decisions regarding whether to follow plaintiff's oncologist's recommendation for post-surgical care and its timing were matters of medical judgment. Furthermore, the third factor is satisfied because plaintiff will almost certainly require expert testimony to prove his claims. Accordingly, this case falls within the ambit of § 2-622. Because plaintiff did not include the materials required by that statute along with the amended complaint, the Court will dismiss Counts IV and VI.

Although defendants do not specify in their motion what type of dismissal they seek, in their reply they seek a with-prejudice dismissal. (R. 54, Defs.' Reply at 7.) In the Court's view, however, given the nature of plaintiff's allegations, it would be an abuse of discretion to dismiss them without giving plaintiff the opportunity to comply with § 2-622. *See Sherrod*, 223 F.3d at 614; *Bommersbach*, 461 F. Supp. 2d at 756. Therefore, the Court will dismiss Counts IV and VI without

prejudice and with leave to file by March 14, 2016 a second amended complaint to reassert those claims, along with the materials required by § 2-622.  If plaintiff does not do so, the Court will dismiss Counts IV and VI with prejudice.

## CONCLUSION

The motion of defendants Wexford Health Sources, Inc., Saleh Obaisi, Carla Greby, Catalino Bautista, and Imhotep Carter to dismiss Counts IV and VI of the amended complaint [33] is granted in large part.  Counts IV and VI  are dismissed without prejudice and with leave to file by March 14, 2016 a second amended complaint to reassert those claims, and as an exhibit to the second amended complaint, a physician's certificate of merit and accompanying report as to each defendant that complies with 735 ILCS 5/2-622.  If plaintiff fails to do so, the Court will dismiss Counts IV and VI with prejudice.


**SO ORDERED.**                                        **ENTERED:  January 13, 2016**


_____
**JORGE L. ALONSO**
**United States District Judge**